UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEISHA L. HAMMETT,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Case No. 16-12304

Honorable Nancy G. Edmunds

**OPINION AND ORDER ACCEPTING THE MAGISTRATE JUDGE'S AUGUST 15, 2017 REPORT AND RECOMMENDATION [15]**

**I. Background**

Plaintiff filed this action seeking review of the Commissioner of Social Security's decision denying her application for disability insurance and supplemental security income. The Court referred the matter to the Magistrate Judge who now recommends upholding the Commissioner's decision. (Dkt. 15). On August 23, 2017, Plaintiff filed a series of objections to the Magistrate Judge's report. Having conducted a *de novo* review of the parts of the Magistrate Judge's report to which specific objections have been filed, the Court DENIES Plaintiff's objections and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation. It is further ordered that Plaintiff's corrected motion for summary judgment [12] is DENIED, Plaintiff's motion for summary judgment [11] is MOOT, Defendant's motion for summary judgment [14] is GRANTED, and the case is hereby DISMISSED with prejudice.

## II. Analysis

### A. Treating Psychiatrist's Opinion

Plaintiff objects to the Magistrate Judge's analysis of the Administrative Law Judge's ("ALJ") evaluation of opinion evidence from Plaintiff's treating psychiatrist, Dr. Anjana Bhrany. The Magistrate Judge correctly noted that, although the ALJ did not reference Dr. Bhrany by name, the ALJ made multiple references to records from Genesee Health System ("GHS"), including the assignment of "little weight" to Dr. Bhrany's May 2014 Global Assessment Functioning ("GAF") assessment of Plaintiff.[1] The ALJ noted that GAF scores are opinion evidence needing supporting evidence to give them weight. (Tr. 27). *See DeBoard v. Comm'r of Soc. Sec.*, 211 F. App'x 411, 415 (6th Cir. 2006) (noting that the Commissioner has indicated that GAF scores have no direct correlation to the severity requirements of the mental disorders listings, and that the Sixth Circuit has affirmed denials of disability benefits where applicants had GAF scores of 50 or lower).

The ALJ concluded that Dr. Bhrany's May 2014 finding that Plaintiff's GAF score was 50 was entitled to "little weight" because it was not proportionate with Plaintiff's activities and social functioning and because it was inconsistent with the mental status examination performed that same day as well the subsequent examinations performed at GHS. (Tr. 28-31). These mental status examinations revealed that Plaintiff was regularly well-dressed

---

[1]Plaintiff refers to Dr. Bhrany as her "longtime treating psychiatrist" who assessed "multiple GAF scores of 50;" however, there is no indication in the record that Dr. Bhrany saw Plaintiff after conducting an initial psychiatric evaluation in May 2014. Although many of the subsequent records from GHS contain Plaintiff's diagnoses, including the GAF score of 50, the date next to the GAF score is always May 13, 2014, indicating that Dr. Bhrany conducted a GAF assessment of Plaintiff only once. Plaintiff does not point to any other opinion of Dr. Bhrany in the record.

and groomed; was oriented to time, place, and person; had coherent thoughts, intact memory, and normal intellectual functioning; had normal behavior and was cooperative; communicated well; and responded positively to treatment and medications, which helped to stabilize her mood. *Id.* The Court is thus satisfied that the ALJ properly considered the supportability and consistency of Dr. Bhrany's opinion in accordance with 20 C.F.R. §§ 404.1527(c)(3),(4), 416.927(c)(3),(4), and the ALJ's reasons for assigning Dr. Bhrany's opinion "little weight" are clear. *See Francis v. Comm'r of Soc. Sec.*, 414 F. App'x 802, 804 (6th Cir. 2011) (noting that the regulations do not require an exhaustive factor-by-factor analysis of each of the six regulatory or "*Wilson*" factors listed in 20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(c)(1)-(6)) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)).

### B. Treating Social Worker's Opinion

Plaintiff next objects to the Magistrate Judge's analysis of the ALJ's evaluation of opinion evidence from Plaintiff's treating social worker, Joseph Laird, M.S., L.L.P.C. On December 28, 2015, Mr. Laird completed an SSA Medical Source Statement. Mr. Laird opined that Plaintiff had moderate difficulties in most areas, including in her ability to interact appropriately with the public, supervisors, and co-workers. (Tr. 784-85). He further opined that Plaintiff had marked difficulties in understanding and remembering complex instructions, and marked difficulties in responding appropriately to usual work situations and to changes in a routine work setting. *Id.* The ALJ gave "partial weight" to Mr. Laird's opinion to the extent that it was consistent with the conclusion that Plaintiff suffers moderate difficulties in maintaining social functioning as well as concentration, persistence, or pace. (Tr. 33). The ALJ limited Plaintiff to "simple, routine tasks, in work that has only occasional

changes in the work setting, and that involves only occasional interaction with the general public." (Tr. 25). The ALJ concluded that Plaintiff could perform her past relevant work, which included self-employment as a house cleaner. (Tr. 34-35, 59).

Plaintiff argues that the ALJ discounted Mr. Laird's opinion that Plaintiff has moderate difficulties in her ability to interact with supervisors and co-workers. However, Plaintiff's past relevant work as a self-employed house cleaner, which the ALJ and Vocational Expert ("VE") found that Plaintiff could perform, does not generally require more than superficial interaction with supervisors and any co-workers. Plaintiff also argues that the ALJ discounted Mr. Laird's opinion that Plaintiff has marked difficulties in her ability to respond appropriately to usual work situations and to changes in a routine work setting because such an individual "could not be expected to function appropriately in a job that has occasional changes in the work setting and no limitations on what constitutes 'usual work situations.'" Despite Plaintiff's assertion, the ALJ accommodated Plaintiff's difficulties by limiting her to simple, routine tasks with only occasional changes in the work setting. Plaintiff's past relevant work as a self-employed house cleaner, which the ALJ and VE found that Plaintiff could perform, generally involves simple and routine work situations with few workplace changes. *Cf. Tansil v. Comm'r of Soc. Sec.*, No. 15-cv-11405, 2016 WL 4727478, at *2 (E.D. Mich. Sept. 12, 2016) (affirming Commissioner's decision where Residual Functional Capacity limited claimant to "simple, routine, repetitive tasks in a work environment free from fast paced production requirements involving simple, work related decisions with few if any workplace changes; and brief and superficial contact with coworkers, supervisors, and the general public;" and where representative work identified by the VE included maid/housekeeper).

4

The Court is satisfied that the ALJ properly considered Mr. Laird's opinion as an "other source" under 20 C.F.R. §§ 404.513(d), 416.513(d) and finds no prejudicial error in the ALJ's decision to afford "partial weight" to Mr. Laird's opinion as discussed above.[2] In any event, the Court agrees with the Magistrate Judge that Plaintiff did not make a developed argument in her motion for summary judgment as to how the ALJ incorrectly evaluated Mr. Laird's opinion. *See Roby v. Comm'r of Soc. Sec.*, 48 F. App'x 532, 536 (6th Cir. 2002) ("Issues that are adverted to in a perfunctory manner without some effort at developed argumentation are generally deemed waived.") (citing *Gragg v. Ky. Cabinet for Workforce Dev.*, 289 F.3d 958, 963 (6th Cir. 2002)).

**C. Treating Nurse's Opinion**

Plaintiff also objects to the Magistrate Judge's analysis of the ALJ's evaluation of opinion evidence from Plaintiff's treating nurse, Jackie Duncan, N.P. On January 11, 2016, Ms. Duncan completed an SSA Medical Source Statement. Ms. Duncan opined that Plaintiff had marked difficulties in most areas, and moderate difficulties in two areas. (Tr. 788-89). The ALJ gave "little weight" to Ms. Duncan's opinion because it was inconsistent with the medical records of evidence and mental status examinations. The ALJ went on to cite specific medical records from July 2013 through September 2015 to highlight the inconsistencies. (Tr. 33-34). As discussed in detail by the ALJ and the Magistrate Judge, these records included recent examinations of Plaintiff by Ms. Duncan herself during which she regularly described Plaintiff as well-dressed and groomed (Tr. 384, 539, 621, 711);

---

[2]The Commissioner correctly notes that the ALJ was not required to give "good reasons" for the weight accorded to Mr. Laird's opinion, as Mr. Laird was not a treating physician. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507 (6th Cir. 2006).

oriented to time, place, and person (Tr. 384, 539, 621, 711); having coherent and logical thoughts (Tr. 384, 539, 621, 711); exhibiting normal behavior and being cooperative (Tr. 384, 539, 621, 711); and responding positively to treatment and medications, which helped to stabilize her mood (Tr. 382, 542, 619).

Plaintiff first claims that the aforementioned observations of Plaintiff during the mental status examinations do not "cancel out" a depressed mood, anxious affect, hallucinations, or suicidal or homicidal ideation. The Court agrees with the Commissioner that Plaintiff is rehashing an argument that she previously raised in her motion for summary judgment. "This Court is not obligated to address objections made in this form because the objections fail to identify the specific errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, 28 U.S.C. § 636, which serves to reduce duplicative work and conserve judicial resources." *Owens v. Comm'r of Soc. Sec.*, No. 1:12–47, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013) (citations omitted). The Court also agrees with the Magistrate Judge that Plaintiff fails to show or explain how Plaintiff's mood swings and diagnoses are not accommodated by the non-exertional, mental health limitations contained within the ALJ's Residual Functional Capacity ("RFC").

Plaintiff argues that the ALJ "cherry picked" medical records to support his conclusion and discount Ms. Duncan's opinion. This Court disagrees and finds that the ALJ appropriately weighed the conflicting evidence discussed above and came to a reasoned conclusion. *Cf. DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 726 (6th Cir. 2014) (noting that "cherry picking" allegations are seldom successful because crediting them would require courts to re-weigh record evidence); *White v. Comm'r of Soc. Sec.*, 572 F.3d 272,

284 (6th Cir.2009) (noting that "cherry picking" evidence could be described more neutrally as weighing the evidence). The Court further notes that Plaintiff failed to raise this "cherry picking" argument in her motion for summary judgment, and therefore waived it. *See Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517-18 (6th Cir. 2010).

The Court is satisfied that the ALJ properly considered Ms. Duncan's opinion as an "other source" under 20 C.F.R. §§ 404.513(d), 416.513(d) and finds no prejudicial error in the ALJ's decision to afford "little weight" to Ms. Duncan's opinion as discussed above.[3]

**D. State Agency Consultant's Opinion**

Plaintiff objects to the Magistrate Judge's analysis of the ALJ's evaluation of opinion evidence from the state agency consultant, Dr. Ashok Kaul. On September 19, 2014, Dr. Kaul conducted a mental RFC assessment. Dr. Kaul opined that, although Plaintiff is moderately limited in her ability to carry out detailed instructions and maintain attention and concentration for extended periods, Plaintiff retains sufficient attention and concentration to be able to complete simple tasks. (Tr. 81). Dr. Kaul also opined that Plaintiff is moderately limited in her ability to interact appropriately with the general public and to accept instructions and respond appropriately to criticism from supervisors. (Tr. 81-82). He opined that Plaintiff's work ought to require no dealings with the public and only superficial contact with supervisors. (Tr. 82). Dr. Kaul further opined that, although Plaintiff is moderately limited in her ability to respond appropriately to changes in the work setting, Plaintiff can adjust to simple changes. *Id.* Dr. Kaul concluded that Plaintiff is capable of

---

[3]The Commissioner correctly notes that the ALJ was not required to give "good reasons" for the weight accorded to Ms. Duncan's opinion, as Ms. Duncan was not a treating physician. *See Kornecky*, 167 F. App'x at 507.

"low-stress simple, routine, 1-2 step unskilled tasks with the interpersonal accommodations noted above." *Id.* The ALJ assigned Dr. Kaul's opinion "great weight" at step 3 in assessing the severity of Plaintiff's mental impairments, explaining that Dr. Kaul's opinion is consistent with the evidence of record as a whole. (Tr. 23-24). The ALJ later assigned Dr. Kaul's mental RFC description "partial weight" at step 4 to the extent the opinion was consistent with the RFC and Dr. Kaul's assessment of Plaintiff's moderate difficulties in social functioning and moderate difficulties in maintaining concentration, persistence, or pace. (Tr. 33).

As she did in her motion for summary judgment, Plaintiff again argues that the ALJ's RFC discounts Dr. Kaul's opinion that Plaintiff: (1) is moderately limited in her ability to maintain attention and concentration for extended periods; (2) should have no dealings with the public and only superficial contact with supervisors; and (3) should be limited to only simple changes in the work setting, and to tasks that are low-stress and 1-2 step unskilled tasks. Plaintiff complains that the Magistrate Judge gave the ALJ "a pass," but she does little more than rehash an argument that she previously raised in her motion for summary judgment. As discussed above, the Court need not address objections made in this form.

The Magistrate Judge correctly concluded that Plaintiff failed to meet her burden of showing that the RFC as assessed is unsupported by substantial evidence. *See Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 529 (6th Cir. 1997). Plaintiff's list of differences between Dr. Kaul's mental RFC description and the ALJ's RFC alone do not meet that burden. The ALJ's decision provided a detailed analysis of the medical evidence in the record, which supported the ALJ's RFC assessment and, as discussed above, included

evidence that Plaintiff's mental health status improved and stabilized with treatment and medication. The Court further finds that much of Dr. Kaul's opinion was accepted by the ALJ and incorporated in to ALJ's RFC assessment.[4] The Court agrees with the Magistrate Judge that, in assigning "partial weight" to Dr. Kaul's conclusion, the ALJ properly considered the consistency of the opinion in accordance with 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4).

**E. Plaintiff's Request for a Mental Health Consultative Examination**

Plaintiff objects to the Magistrate Judge's conclusion that "to the extent Plaintiff observes that no mental health consultative examination was conducted or seeks remand for a psychiatric evaluation (*see* DE 12 at 5, 11), she has failed to argue, much less demonstrate, that one was warranted under the regulations." (Dkt. 15). Plaintiff's objection

---

[4]The Court notes that the RFC limiting Plaintiff to "simple, routine tasks, in work that has only occasional changes in the work setting, and that involves only occasional interaction with the general public" accommodated Plaintiff's moderate limitations in maintaining attention and concentration for extended periods, as well as in responding appropriately to changes in the work setting. *See Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 437 (6th Cir. 2014) (distinguishing *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504 (6th Cir. 2010), on which Plaintiff relies). Although the RFC does not specifically contain the words "low-stress" and "1-2 step unskilled tasks," when the RFC is viewed in context, it is apparent that the ALJ adequately provided a functional restriction for these limitations. *See Smith-Johnson*, 579 F. App'x at 438 (Although the ALJ did not specifically adopt the physician's opinion that Smith-Johnson needed a "very low stress environment," the court found that "[b]y limiting Smith-Johnson to 'simple, routine and repetitive tasks' and avoidance of interaction with the general public, the ALJ functionally limited Smith-Johnson to work in identifiable situations in which she performs well psychologically."). Lastly, the ALJ limited Plaintiff to "occasional interaction with the general public," which incorporated Dr. Kaul's opinion that Plaintiff is only moderately limited in her ability to interact appropriately with the general public. Although the RFC did not included a limitation regarding contact with supervisors, there was no prejudicial error where Plaintiff's past relevant work as a self-employed house cleaner, which the ALJ and VE concluded that Plaintiff could perform, involves only superficial contact with supervisors. *Cf. Tansil*, 2016 WL 4727478, at *2.

merely recites 20 C.F.R. § 220.53(b)(5) and (7) and states that "[b]oth of these sections appear to be applicable to Plaintiff's claims." Plaintiff failed to make a developed argument as to any consultative examination both at the summary judgment stage and at this stage. Accordingly, the Court denies this objection.

### F. Evidence Post-Dating Dr. Kaul's Opinion

Plaintiff objects to the Magistrate Judge's conclusion that evidence post-dating Dr. Kaul's assessment did not warrant remand, arguing that the ALJ erred in assigning "great weight" to Dr. Kaul's opinion without considering the fact that Dr. Kaul did not review all of the medical records, or what effect subsequent records might have had on Dr. Kaul's opinion. The Magistrate Judge noted that the ALJ referred to two mental health related hospitalizations, the first from April 29, 2014 to May 7, 2014, and the second from August 17, 2015 to August 22, 2015. At step 3, the ALJ then assigned "great weight" to Dr. Kaul's September 2014 opinion that Plaintiff had experienced "one or two" repeated episodes of decompensation, each of extended duration, on the basis that it was consistent with the evidence of record as a whole. (Tr. 24).

The Magistrate Judge found that the ALJ acknowledged his awareness that Dr. Kaul did not review the entire record by noting that his opinion was issued in September 2014 and also noting by date range the August 2015 hospitalization. (Dkt. 15 at 22-23) (citing *Markland v. Comm'r of Soc. Sec.*, No. 2:15-cv-11578, 2016 WL 8116885, at *3 (E.D. Mich. Sept. 22, 2016) (finding that, where the ALJ noted the effective dates of the consulting physicians' review of the evidence as well as the date of a later opinion from an examining physician, the ALJ gave some indication that she considered that the consulting physicians based their review on the evidence of record at the time without the benefit of the

examining physician's subsequent opinion)). The Magistrate Judge also correctly noted that there is no categorical requirement that a non-treating source's opinion be based on a complete or more detailed and comprehensive case record; a non-treating source's opinion must only be supported by evidence in the case record. (Dkt. 15 at 24) (citing *Helm v. Comm'r of Soc. Sec.*, 405 F. App'x 997, 1002 (6th Cir. 2011)). Lastly, to the extent that Plaintiff argued that had Dr. Kaul been aware of the August 2015 hospitalization, he might have concluded that Plaintiff satisfied Paragraph B criteria at step 3, the Magistrate Judge concluded that neither the April to May 2014 nor the August 2015 hospitalizations lasted two weeks as required to qualify for a mental health listing. (Dkt. 15 at 25) (citing 20 C.F.R. Part 404, Subpart P, Appendix 1, 12.00(C)(4)).

The Court finds no error in the Magistrate Judge's analysis, and Plaintiff fails to identify any, merely disagreeing with the outcome. Accordingly, the Court denies this objection.

### G. Plaintiff's Credibility

Plaintiff objects to the Magistrate Judge's determination that the ALJ properly evaluated Plaintiff's credibility. In her motion for summary judgment, Plaintiff argued that the ALJ discounted her statements regarding the intensity, persistence, and limiting effects of her symptoms "without doing the required analysis [or] explaining the basis for his credibility assessment." (Dkt. 12 at 5). The Magistrate Judge found that Plaintiff's credibility argument was underdeveloped and noted that the only citations to the record were to her own testimony about anxiety and to the VE's testimony regarding the effects of being off task, having unpredictable breaks, or having unexcused or unplanned absences. The Magistrate Judge further found that the ALJ provided a detailed explanation for assigning

"little weight" to Plaintiff's allegation that she is unable to perform any work on a regular and sustained basis because this was inconsistent with the medical records of evidence. The Magistrate Judge specifically noted that the ALJ referenced medical records indicating the favorable effects of medication and absence of side effects, which reflected consideration of 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv).

The ALJ properly considered Plaintiff's subjective complaints as well as her daily activities (Tr. 26) (discussion of Plaintiff's testimony regarding her daily activities); the location, duration, and frequency of her symptoms (Tr. 26-31); precipitating and aggravating factors (Tr. 25, 29, 32) (discussion of being paranoid around others, depression related to external stressors, and being "a little depressed . . . due to red tape with Social Security); effectiveness and side effects of medications (Tr. 25, 26, 29-30, 32); and treatment other than medication (Tr. 29, 30) (noting Plaintiff's engagement in therapy). The Court is thus satisfied that the ALJ properly assessed Plaintiff's credibility in accordance with 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). Plaintiff has not shown that the ALJ's credibility determination is unsupported by substantial evidence, or that there is any compelling reason to disturb the ALJ's credibility determination.

In any event, the Court agrees with the Magistrate Judge that Plaintiff did not make a developed argument in her motion for summary judgment as to how the ALJ incorrectly evaluated Plaintiff's credibility, and she, therefore, waived this argument. *See Roby*, 48 F. App'x at 536 (6th Cir. 2002).

### H. Plaintiff's Moderate Difficulties in Maintaining Concentration, Persistence, or Pace

Plaintiff's final objection is to the Magistrate Judge's conclusion that the ALJ properly accommodated Plaintiff's moderate difficulties in maintaining concentration, persistence, or pace when he limited her to "simple, routine tasks, in work that has only occasional changes in the work setting." Plaintiff is again rehashing an argument that she previously raised in her motion for summary judgment, relying on cases that the Magistrate Judge already appropriately distinguished. As discussed above, the Court need not address objections made in this form.

### III. Conclusion

For the reasons set forth above, the Court concludes that the ALJ's RFC assessment is supported by substantial evidence. Accordingly, the Court DENIES Plaintiff's objections and ADOPTS the Magistrate Judge's Report and Recommendation.

SO ORDERED.

s/Nancy G. Edmunds<br>
Nancy G. Edmunds<br>
United States District Judge

Dated: September 12, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 12, 2017, by electronic and/or ordinary mail.

s/Carol J. Bethel<br>
Case Manager